UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| STEVEN D. CAGE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Civil Case No. 12-444 (RJL) |
| JOHN MCHUGH, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
(August 28, 2013) [Dkt. #11]

Plaintiff, Steven D. Cage, ("plaintiff" or "Cage") brought the instant action on March 21, 2012, seeking reversal of the Army Board for Correction of Military Records' ("ABCMR") denial of plaintiff's request to set aside his release from active duty pursuant to a decision made by the Army Reduction in Force Board for fiscal year 1992 ("RIF Board"). Upon consideration of the parties' pleadings, relevant law, and the entire record herein, the Court concludes that plaintiff's claim fails for lack of subject-matter jurisdiction because it was untimely filed. Accordingly, the Court will GRANT defendant's Motion to Dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

1

## BACKGROUND

Plaintiff graduated from the U.S. Military Academy in 1978. Appendix to Def.'s Mot. to Dismiss ("App.") [Dkt. #11-2] A14−15; Compl. [Dkt. #1] at ¶ 1. He was appointed Second Lieutenant in the United States Army ("Army") after graduation. *Id.* In 1992, plaintiff was discharged from the Army after the RIF Board selected him for involuntary separation. App. A15. He held the rank of Major at that time. *Id.* Following his discharge from the Army, plaintiff was immediately appointed as a Reserve commissioned officer with the rank of Major. *Id.* Ultimately, plaintiff was promoted to the rank of Colonel in 2001 and retired at that rank in 2008 after reaching thirty years of active and reserve duty. *See* Compl. ¶ 21; App. A99−100.

On February 15, 1994, Plaintiff applied to the ABCMR for correction of his military records, challenging his involuntary separation by the RIF Board and requesting reinstatement in the Regular Army. App. A8−12. The ABCMR denied plaintiff's application, finding no basis for setting aside plaintiff's involuntary separation. App. A13−18. Plaintiff was notified of this decision in a letter dated February 8, 1995, which advised:

> Only if you can present newly discovered relevant evidence that was not available for consideration by the Board when it denied your application will there be a basis for reconsideration. If a request for reconsideration is submitted, the staff of the Board will evaluate the evidence and make that determination at the appropriate time. Otherwise, this decision is final. The only remaining avenue of appeal, should you desire to pursue it, would be in a Federal Court.

App. A19.

A service member who obtains an adverse decision from the ABCMR may apply for reconsideration of the adverse review board decision, as plaintiff did here. *See* 32 C.F.R. § 581.3(g)(4). Specifically, between 1995 and 2001, plaintiff filed three unsuccessful requests for reconsideration of the ABCMR's 1995 denial of his reinstatement request.[1] In 2004, the ABCMR convened to reconsider plaintiff's "1993 request that he be restored to active duty." App. A54. Plaintiff argued that the RIF Board's decision should be overturned because it was unlawful and contradictory and because he successfully appealed several Officer Efficiency Reports ("OERs") that may have affected the decision. *See* App. A54–55. The ABCMR reviewed plaintiff's OERs and concluded that "there is no compelling evidence that would warrant overcoming the regulatory 6-year limitation imposed on applications for consideration by a special board." App. A65. The ABCMR also found the RIF Board's decision to be lawful and internally consistent. *See* App. A65–66.

Following the ABCMR's 2004 decision, plaintiff wrote a letter to the Acting Secretary of the Army ("Secretary"), in July 2004, contending that the decision was "written by incompetents at best or liars at worst." App. A67. In that letter, plaintiff asked the Secretary to review his case and reinstate him as a Regular Army officer. *See* App. A67–69. The ABCMR assigned a case number to this letter, construing it as a

---

[1] Plaintiff made such requests in (1) January of 1996, *see* App. A24, (2) November of

request for reconsideration. *See* App. A74, A77. On December 1, 2005, the ABCMR denied plaintiff's request for reconsideration, concluding that the OERs successfully appealed by plaintiff "did not have an effect or influence on his selection for reduction in force separation." App. A85.

On March 21, 2012, plaintiff filed the instant complaint challenging the ABCMR's December 2005 decision on reconsideration. Plaintiff styles his claim as a challenge to agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.*, and alleges that the ABCMR's 2005 decision was arbitrary, capricious, an abuse of discretion, not in accordance with law and regulations, and otherwise in violation of the APA. *See* Compl. at pp. 10–11.

**STANDARD OF REVIEW**

Under Rule 12(b)(1), "[i]t is to be presumed that a cause lies outside [the Court's] limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Accordingly, a plaintiff must establish that the Court possesses jurisdiction by a preponderance of the evidence. *See Hollingsworth v. Duff*, 444 F. Supp. 2d 61, 63 (D.D.C. 2006). The Court must grant plaintiffs all favorable inferences supported by the facts in the complaint. *Mountain States Legal Found. v. Bush*, 306 F.3d 1132, 1134 (D.C. Cir. 2002).

---

1998, *see id.*, and (3) September of 2001, *see* App. A22–46.

## ANALYSIS

When a service member seeks judicial review under the APA of an adverse decision by his service's administrative review board, the general six-year statute of limitations for civil actions against the federal government, 28 U.S.C. § 2401(a), applies. Section 2401(a) provides that "every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). Here, plaintiff's cause of action accrued in 1995 when the ABCMR denied his request for reinstatement. As a service member, he could have immediately sought review in federal court of this adverse board decision. Put simply, there is no requirement to exhaust administrative remedies before filing suit. *See* 32 C.F.R. § 581.3(g)(4) (permitting reconsideration of ABCMR decisions within one year of original decision). Unfortunately, plaintiff did not seek judicial review of the ABCMR's decision within the six-year limit set by 28 U.S.C. § 2401(a).

Instead, plaintiff now challenges the ABCMR's December 2005 decision on reconsideration, which upheld the ACMBR's initial adverse decision. With respect to the six-year statute of limitations period under 28 U.S.C. § 2401(a), plaintiff contends that his petition for reconsideration effectively reset the clock. It did not. A service member's petition for reconsideration does not delay the running of the six-year statute of limitations period where the petitioner waits more than six years after the ABCMR's initial decision to file the petition for reconsideration. *See Nihiser v. White*, 211 F. Supp.

2d 125, 129 (D.D.C. 2002). Indeed, if the rule were interpreted otherwise, 28 U.S.C. § 2401(a) would be rendered meaningless because a plaintiff could toll the statute of limitations indefinitely by filing an endless series of motions for reconsideration. *See id.* Here, plaintiff's 2004 petition for reconsideration was filed almost nine years *after* the ABCMR's initial adverse decision in 1995. Accordingly, the six-year statute of limitations period ran from the ABCMR's initial 1995 decision.[2]

Undaunted, plaintiff additionally argues that tolling under the Servicemembers Civil Relief Act ("SCRA"), 50 App. U.S.C. § 526(a), makes his claim timely. Unfortunately, it does not. Tolling under the SCRA applies only to periods during which plaintiff served on full-time, active duty military service. 50 U.S.C. app. §§ 511, 526(a). Here, plaintiff's active duty service only extended the statute of limitations period from February 8, 2001 to on or about August 24, 2002.[3] Indeed, plaintiff concedes that the SCRA does not provide sufficient tolling for the 1995 ABCMR decision to survive a statute of limitations argument. *See* Pl. Opp'n. [Dkt. #14] at 16.

Thus, because the statute of limitations expired well before plaintiff instituted the present action in 2012, and "§ 2401(a) is a jurisdictional condition attached to the

---

[2] Moreover, the ABCMR did not reopen its 1995 decision at any point, further undercutting plaintiff's arguments regarding tolling of the statute of limitations period.
[3] Plaintiff served 510 days on active duty between February 8, 1995, the day Plaintiff received the ABCMR's initial adverse decision, and February 8, 2001, the day the six year statute of limitations would have expired. App. A89–95. Plaintiff served an additional 52 days on active duty between February 9, 2001 and August 24, 2002. App. A94–96.

government's waiver of sovereign immunity, and as such must be strictly construed," this Court lacks jurisdiction over plaintiff's claim. *Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 55 (D.C. Cir. 1987).

## CONCLUSION

For all of the foregoing reasons, the defendant's Motion to Dismiss must be GRNATED pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

                                                                                           RICHARD J. LEON
                                                                          United States District Judge